**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

MICHAEL E. LUTINS,

        Plaintiff,

vs.                                      Case No. 3:10-cv-817-J-99MCR

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, a foreign
corporation,

        Defendant.

_____

**ORDER**

This case is before the Court on Plaintiff's Motion to Remand (Doc. 6) and Defendant's Response. (Doc. 9.) Plaintiff Michael E. Lutins contends this case should be remanded because defendant State Farm Mutual Automobile Insurance Company ("State Farm") has not established that the amount in controversy meets the requirements for federal diversity jurisdiction.

**I. BACKGROUND**

According to the Complaint, Lutins was injured in an automobile collision on December 19, 2009. (Doc. 2 at 1.) At the time of the accident, Lutins carried an automobile insurance policy with State Farm. (Id. at 2.) Lutins submitted a claim with State Farm, contending he was entitled to recover under the uninsured motorist provision of his State Farm policy because the allegedly negligent driver did not have liability insurance. (Id. at 2-3.)

Prior to filing suit, Lutins sent State Farm a demand letter requesting payment of

$200,000, the limit of Lutins' policy, to settle his claim.  (Doc. 1 at 41.)  The letter states that Lutins suffered from severe neck and shoulder pain as a result of disc herniations that were compressing his spinal cord.  According to the demand letter, while Lutins had only incurred $8,059.25 in medical bills, he required future cervical fusion surgery, the typical cost of which is between $75,000 and $90,000.  The letter also provides that Lutins' surgery would require him to miss between four and six weeks of work, resulting in $6,000 to $9,000 of lost wages.  The letter concludes that, "[b]ased upon Mr. Lutins' permanent injuries, pain, suffering, loss of earning, and the traumatic force and impact of the accident, he would be awarded far in excess of the $200,000 uninsured motorist policy limits."  (Id. at 44.)

After State Farm failed to accept Lutins' settlement offer, he filed suit against State Farm in state court on August 12, 2010.  On August 19, 2010, State Farm sent Lutins a counter-offer to settle the lawsuit for $10,000.  (Doc. 6-4.)  State Farm then filed a notice of removal in this Court on September 8, 2010.  (Doc. 1.)  Lutins filed a motion to remand, claiming that State Farm has failed to demonstrate that the amount in controversy satisfies the requirements for federal diversity jurisdiction.  (Doc. 6.)

**II. DISCUSSION**

"If a state-court complaint states a case that satisfies federal jurisdictional requirements, a defendant may remove the action to federal court pursuant to 28 U.S.C. § 1446(b)."  Roe v. Michelin N. Am., 613 F.3d 1058 (11th Cir. 2010).  This Court has jurisdiction when the citizenship of the plaintiffs is diverse from that of the defendants and

the amount-in-controversy exceeds $75,000. 28 U.S.C. § 1332(a).[1] The sufficiency of the amount in controversy is determined at the time of removal. Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 751 (11th Cir. 2010).

"Where, as here, the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001). "[D]efendants may submit a wide range of evidence in order to satisfy the jurisdictional requirements of removal." Pretka, 608 F.3d at 755. "[A] removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." Pretka, 608 F.3d at 754 (internal citations omitted). Moreover, "courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." Roe, 613 F.3d at 1062. "[W]here plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." Burns v. Windsor Ins., 31 F.3d 1092, 1095 (11th Cir. 1994).

State Farm contends that Lutins' pre-suit demand letter proves by a preponderance of the evidence that the amount in controversy exceeds $75,000. (Doc. 9 at 4.) In his Motion to Remand, Lutins argues that State Farm has not demonstrated that the jurisdictional amount has been met. Lutins, however, does not actually state that the amount in controversy is less than $75,000 or that the demand letter did not accurately reflect his damages; instead Lutins merely states that State Farm's settlement offer of $10,000 shows

---

[1] The parties in this case are diverse.

that State Farm found his demand letter to be mere posturing. (Doc. 6 at 6.)

The evidentiary value of a settlement offer in establishing the amount in controversy depends on the circumstances of the offer.[2] As the court explained in Jackson v. Select Portfolio Servicing, Inc.,

> Settlement offers commonly reflect puffing and posturing, and such a settlement offer is entitled to little weight in measuring the preponderance of the evidence. On the other hand, settlement offers that provide specific information to support the plaintiff's claim for damages suggest the plaintiff is offering a reasonable assessment of the value of his claim and are entitled to more weight.

651 F. Supp. 2d 1279, 1281 (S.D. Ala. 2009) (quotations omitted); see also, e.g., Devore v. Howmedica Osteonics Corp., 658 F. Supp. 2d 1372, 1381 (M.D. Fla. 2009) (holding that a pre-suit demand letter may be used to "supplement" other evidence of the amount in controversy); Golden v. Dodge-Markham Co., 1 F. Supp. 2d 1360 (M.D. Fla. 1998) ("Defendant has not persuaded this Court that Plaintiff's settlement demand was an honest assessment of damages."); Standridge v. Wal-Mart Stores, 945 F. Supp. 252, 256 (N.D. Ga. 1996) (holding that a pre-suit demand letter was "nothing more than posturing by plaintiff's counsel for settlement purposes and cannot be considered a reliable indicator of the

---

[2] Some courts within this district have found that pre-suit demand letters are not "other paper from which it may first be ascertained" that jurisdiction exists under the second paragraph of Section 1446(b). See, e.g., Saberton v. Sears Roebuck and Co., 392 F. Supp. 2d 1358, 1360 (M.D. Fla. 2005). The reasoning of such cases, however, is inapplicable because the pre-suit settlement offer in this case is not being considered as "other paper from which [jurisdiction] may first be ascertained" under the second paragraph of Section 1446(b). Instead, this case was removed within 30 days after State Farm's receipt of the compliant under the first paragraph of Section 1446(b). This Court thus need not address whether pre-suit demand letters constitute "other paper" within the meaning of the second paragraph of Section 1446(b).

damages plaintiff is seeking"). Courts may also consider a plaintiff's failure to argue that its settlement demand was unrealistic and that the amount in controversy is actually less than the jurisdictional amount. See AAA Abachman Enters. v. Stanley Steemer Int'l, 268 F. App'x. 864, 866-67 (11th Cir. 2008); Dominguez v. Peek, No. 09-00842-KD-B, 2010 WL 1658550, at *6 (S.D. Ala. April 16, 2010); Katz v. J.C. Penney Corp., No. 09-cv-60067, 2009 WL 1532129, *6 (S.D. Fla. June 1, 2009); cf. Sierminski v. Transsouth Fin. Corp., 216 F.3d 945, 949 (11th Cir. 2000) (considering the fact that the "[p]laintiff presented no evidence to contradict defendant's damages calculations, nor did plaintiff deny the damages exceeded the jurisdictional amount when given the opportunity").

This Court finds that State Farm has established by a preponderance of the evidence that the amount in controversy exceeds $75,000. Lutins' demand letter details various expenses, including medical costs of $8,000 and future surgery costs estimated to range between $75,000 and $90,000. Although the letter's conclusion that Lutins' injuries would support an award "far in excess" of $200,000 may have been mere posturing, the hard medical costs detailed in the letter sufficiently prove the requisite amount in controversy.[3] This Court's conclusion is reinforced by the fact that Lutins has not argued that the amount in controversy is less than $75,000, despite having had the opportunity to do so in his motion

---

[3] The Court finds that State Farm's counter-offer to settle the litigation for $10,000 was mere posturing. Moreover, it is especially difficult to use a defendant's settlement offer as evidence of a low amount in controversy because such an offer is likely to reflect the fact that the plaintiff may be unable to establish liability. As the Eleventh Circuit has explained, "the plaintiffs' likelihood of success on the merits is largely irrelevant to the court's jurisdiction because the pertinent question is what is in controversy in the case, not how much the plaintiffs are ultimately likely to recover." Pretka, 608 F.3d at 751 (quotation omitted).

to remand.  Finally, the Court's "common sense" and "judicial experience" also support a finding that the amount in controversy has been met.  Roe, 613 F.3d at 1062.[4]

Accordingly, it is hereby

**ORDERED**:

Plaintiff's Motion to Remand (Doc. 6) is **DENIED**.

The parties' Case Management and Scheduling Order will issue separately.

**DONE AND ORDERED** at Jacksonville, Florida this 4th day of November, 2010.

_____
TIMOTHY J. CORRIGAN
United States District Judge

js.
Copies:

counsel of record

---

[4] Although Lutins relies on this district's unpublished decision in Jeffers v. State Farm Mutual Automobile Ins., No. 3:09-cv-1097-J-34JBT (M.D. Fla. July 19, 2010), the demand letter at issue in this case is distinguishable.  In Jeffers, the court found that "[t]he total of medical bills ($58,508.80) and other damages actually delineated [in the plaintiff's demand letter] do not . . . exceed the $75,000 threshold for jurisdiction in this Court."  In this case, however, the demand letter lists medical bills and future medical expenses that exceed the jurisdictional amount.